UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 3 1 2005
Michael N. Milby, Clerk

| | |
|---|---|
| Pat Barlow § | |
| Plaintiff, § | |
| § | Civil No. 05-1121 |
| v. § | |
| § | |
| Wal-Mart Inc., Sam's § | |
| Club, Weider Nutrition § | Plaintiff Demands |
| Group § | Trial by Jury |
| Defendants. § | |

ORIGINAL COMPLAINT

JURISDICTIONAL STATEMENT

1.  This Court has jurisdiction of the subject matter of the within action pursuant to 28 U.S.C. Section 1332, as the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

PARTIES

2.  Plaintiff is a citizen of the State of Texas. At the time of this incident Plaintiff resided in Montgomery County.

3.  Defendant Weider Nutrition Group is a corporation organized and existing under the laws of the State of

    Utah with its principal place of business at 2002 South 5070 West, Salt Lake City, Utah 84104-4726 and is the manufacturer of a Weider Glucosamine Chondroitin.

4. Defendant Wal-Mart Inc. is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business at 702 S. W. 8th Street, Bentonville, AK 72716 and its Registered Agent The Corporation Company 425 W. Capitol Avenue Suite 1700, Little Rock, AK 72201 and is the seller/distributor of Weider Glucosamine Chondroitin.

5. Defendant Sam's Club is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business at 702 S.W. 8th Street, Bentonville, AK 72716 and its Registered Agent The Corporation Company 425 W. Capitol Avenue, Suite 1700, Little Rock, AK 72201 and is the seller/distributor of Weider Glucosamine Chondroitin.

## COUNT I

6. On or about March, 2003 plaintiff purchased a bottle of Weider Glucosamine Chondroitin from Sam's Club in Conroe, Texas.

7. Subsequently, Plaintiff took the dosage prescribed on the bottle.

8. Plaintiff was injured as a result of taking the supplement in that she suffered anaphylactic distress.

9. Defendant manufacturer was negligent and breached a duty of care owed to Plaintiff in the manufacture of its supplement by, *inter alia*:

   (a) failing to provide any warnings to individuals who are allergic to the constituents of defendant's product and for the protection of persons in a position similar to that of Plaintiff including, but not limited to, the failure to provide any warning or cautionary instruction label on the product bottle so that individuals such as plaintiff would be adequately warned of the consequence from taking defendant's product if they are allergic to certain constituents of the supplement

10. As a result of the Defendant's negligence, Plaintiff suffered with severe allergic reaction for which she was hospitalized, and continue to suffer adverse effects resulting from her encounter with Defendant's product.

11. The acts complained of herein were reasonably foreseeable by Defendant as the manufacturer of the supplement.

12. As a direct and proximate result of the acts complained of herein, Plaintiff suffered great injuries and damages including, but not limited to, physical and emotional injuries, costs for treating such injuries, loss of earnings capacity, pain and suffering, and other consequential damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount, which exceeds the jurisdictional requirements of this Court plus interest and costs.

## COUNT II

13. Paragraph 1 through 12 are incorporated herein as if set forth again in full.

14. Sometime prior to March, 2003, Defendant Weider manufactured supplement, and placed it into the stream of commerce.

15. Defendant's Wal-Mart and Sam's Club were seller's engaged in the business of selling products such as the supplement.

16. The supplement was sold without a warning label on the bottle, which made it unreasonably dangerous to persons such as Plaintiff, who could reasonably have been

expected to come into contact with, use or be affected by the supplement.

17. The supplement was expected to, and did, reach Plaintiff without material modification to its label noting cautionary usage.

18. The Defendant created a substantial risk of harm for those reasonably expectd to be affected by the supplement, including Plaintiff, as a result of the lack of warning.

19. Prior to sustaining her injuries, Plaintiff neither knew nor should have known of any problem with the supplement.

20. As a direct and proximate result of the lack of warning on the supplement, and the breaches complained of herein, Plaintiff suffered grave injuries and damages including, but not limited to, physical and emotional injuries, costs for treating such injuries, loss of earning capacity, pain and suffering, and other consequential damages.

<u>COUNT III</u>

21. Paragraphs 1-20 are incorporated herein as if set forth again in full.

22. Defendants owed a duty to exercise reasonable care in all aspects concerning the design, manufacture, marketing,

testing, distribution and/or selling of the subject laxatives and their incorporated component ingredients.

23. Defendants were negligent and grossly negligent and breached duties owed to Plaintiff by the conduct alleged and with respect to the supplement made the subject of this lawsuit.

24. Accordingly, Defendants are jointly and severally liable to Plaintiff for all damages claimed including punitive damages as a result of Defendant's gross negligence.

### COUNT IV

25. Paragraphs 1-24 are incorporated herein as if set forth again in full.

26. All Defendant's are liable to Plaintiff for breaching their duty to warn Plaintiff of adverse health effects and complications associated with the use of subject supplement.

27. Each Defendant was involved in the manufacturing, designing, testing, marketing, distribution, and/or selling of Plaintiffs' subject drug. Accordingly, each Defendant was involved in creating the risks associated with the subject drugs.

28. Each Defendant knew, should have known, or should have discovered risks associated with the subject drugs that were the result of their design, testing, use and/or manufacturing.

29. Each Defendant has a continuing duty to warn Plaintiff. Each Defendant breached this duty.

30. Defendants joint and several breach of this duty is the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount, which exceeds the jurisdictional requirements of this Court, plus interest and costs.

Respectfully submitted,

*Grover G. Hankins*

The Hankins Law Firm, PLLC
Grover G. Hankins
Texas Bar No. 00795895
616 W. Main Street
League City, TX 77573
281-316-9551
281-316-9552 fax

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Original Complaint was hereby filed and served on this 31st day of March, 2005 to all counsel of record.

*Grover G. Hankins*
_____
Grover G. Hankins

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Pat Barlow

**DEFENDANTS**
Wal-Mart Inc., Sam's Club, Weider Nutrition Group

(b) County of Residence of First Listed Plaintiff: **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: N/A
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Grover Hawkins 616 W. Main League City TX

H-05-1121

United States Courts
Southern District of Texas
FILED
MAR 31 2005
Michael N. Milby, Clerk

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |   | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |   | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |   | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |   |   | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |   / ☐ 530 General |   | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |   |   | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |   |   |   |
|   | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |   |   | ☐ 950 Constitutionality of State Statutes |
|   | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |   |   |   |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Plaintiff not warned to effects of glucosamine and injured.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/31/05
SIGNATURE OF ATTORNEY OF RECORD: Grover G. Hawkins

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____