UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

PAT BARLOW, §
                 Plaintiff, §
*versus* §      Civil Action H-05-1121
§
WAL-MART STORES, INC., *et al.*, §
                 Defendant. §

## Opinion on Summary Judgment

Because Barlow has no lawful claim against Wal-Mart and Sam's, they have been dismissed from this suit. Weider has moved for summary judgment, asserting that the claims against it are barred because Barlow served it outside the limitations period. Barlow says that the service relates back to the date of filing because she exercised due diligence. Weider will prevail.

On March 31, 2005 – just five days before the statute of limitations expired – Barlow filed her complaint against Sam's, Wal-Mart, and Weider. Instead of filing the draft summons with the complaint, Barlow waited until May 4, 2005, to mail them to the clerk. The clerk issued the summons on the following day.

The court – in a standard initial order – gave Barlow sixty days from the date of filing to serve the defendants. Ten days after that deadline – and over a month after the summons were issued – Barlow moved for an extension until June 20, 2005. To support the motion, she said only that "family reasons" had prevented her from forwarding fees to her attorney. Additionally, in her request, she did not disclose that the limitations period had run, making the pertinent inquiry one of diligence rather than simple timing. In eighty days, she had done nothing to join Weider as an active party.

Because the court granted the extension on the proposed deadline, it gratuitously gave Barlow an additional two weeks – until July 5, 2005. Still, Barlow did not send the fee and summons to the sheriff's office in Utah until the end of June – after her proposed deadline. She finally served Weider on July 1, and Wal-Mart and Sam's on July 8.

Barlow was not diligent. She did nothing for one month after she filed the suit. Then – after she received the summons from the clerk – she waited another month before requesting an extension, complaining that she had not been able to find $33 for the Salt Lake County's service fee. Still, she waited over two weeks to send the summons to Utah.

The law requires that plaintiffs are diligent in their efforts to locate and serve defendants. Fee arrangements with counsel are irrelevant.

Weider is a national company that can be located with no more than a few clicks of the mouse. Barlow admits that she became aware of her injuries in April 2003, and she sent a demand letter to Weider before filing suit. She had no question about where to find the defendant.

Because Barlow served Weider both outside the limitations period and without diligence, her case will be dismissed.

Signed November 3, 2005, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge